UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LAKIESHA S. PARKER,** *et al.*                         CIVIL ACTION

**versus**                                              No. 07-2656

**LAGNIAPPE REALTY,** *et al.*                          SECTION: I/1

### ORDER AND REASONS

Before the Court are three motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, filed on behalf of defendants Lagniappe Realty of Natchitoches, L.L.C. ("Lagniappe Realty"), Primary Residential Mortgage Inc. ("Primary Mortgage"), and Carolyn Breedlove, respectively.  For the following reasons, defendants' motions are **GRANTED**.

### *BACKGROUND*

In the fall of 2006,[1] plaintiffs were in search of a new home.  Marvin Blake, Jr., a realtor for Lagniappe Realty, arranged for plaintiffs to view a property being sold by Breedlove.[2]  Blake also contacted an individual identified as Mr. Marshall, a broker for Primary Mortgage, who was to facilitate financing for plaintiffs' real estate purchase.[3]

Plaintiffs engaged Primary Mortgage in order to purchase the property listed by

---

[1] Plaintiffs do not provide precise dates in their complaint, though it appears to the Court that this dispute began in September 2006.

[2] Rec. Doc. No. 1, p. 2.

[3] Rec. Doc. No. 1, p. 2.

1

Breedlove, but their first attempt to complete a loan application was frustrated when Marshall advised plaintiffs that their credit was too poor to continue.[4] Financing resumed months later after improvements in plaintiffs' credit, and plaintiffs claim that at that time and upon Mr. Marshall's instruction, they re-signed loan papers that they had previously signed.[5]

Plaintiffs also alleged that they asked Blake and Marshall about "the 15% equity in the house," an amount of $15,830.00, and were told they had to wait for Breedlove to "drop the seller second."[6] When plaintiffs contacted Breedlove, however, she was unaware of the seller second.[7] Plaintiffs then sought legal assistance, and a title attorney advised them that Blake had stolen their money by "using the seller second to refinance the equity out [the] house."[8]

On April 25, 2007, *pro se* plaintiffs Lakiesha and Donald Parker filed suit against defendants Lagniappe Realty, Primary Mortgage, and Breedlove.[9] Plaintiffs include claims for fraud, misrepresentation, and criminal conspiracy pursuant to Louisiana law.[10] Plaintiffs claim to have suffered various injuries in connection with this failed real estate transaction; in particular, plaintiffs allege that their children have missed school, that Lakiesha Parker has missed work, and that plaintiffs are now behind in paying their bills.[11] Plaintiffs demand monetary relief

---

[4]Rec. Doc. No. 1, pp. 4-5.

[5]Rec. Doc. No. 1, p. 5.

[6]Rec. Doc. No. 1, p. 6. A "seller's second" is an arrangement in which the seller finances some portion of the transaction.

[7]Rec. Doc. No. 1, p. 6.

[8]Rec. Doc. No. 1, p. 7.

[9]Rec. Doc. No. 1.

[10]Rec. Doc. No. 1, pp. 9-16.

[11]Rec. Doc. No. 1, p. 18.

including reimbursement of lost wages and an award for pain and suffering.[12]  In addition, plaintiffs request that defendants serve jail time for their respective roles in the transaction.[13]

Defendants timely filed separate and substantially similar motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  In the alternative, Primary Mortgage and Breedlove object to venue in the Eastern District of Louisiana.[14]  Each defendant asserts that the court lacks federal question jurisdiction because plaintiffs' complaint does not implicate a provision of the Constitution or a federal statute.[15]  Defendants also contend that diversity cannot form the basis for the court's jurisdiction because all parties are citizens of the state of Louisiana.[16]  Primary Mortgage additionally notes that the amount in controversy required to invoke diversity jurisdiction is not met in this matter.[17]

On July 6, 2007, plaintiffs filed an opposition to defendants' motions to dismiss.[18]  Rather than respond to defendants' legal arguments, plaintiffs submitted a more detailed account of the factual allegations set forth in the complaint, as well as a description of events wholly unrelated to the instant action.[19]  Plaintiffs also cite to the Eighth Amendment to the United States

---

[12]Rec. Doc. No. 1, p. 18.

[13]Rec. Doc. No. 1, pp. 18-19.

[14]Rec. Doc. No. 13-3, pp. 3-4; Rec. Doc. No. 10-2, pp. 2-3..

[15]Rec. Doc. No. 10-2, p. 2; Rec. Doc. No. 12-2, p. 2; Rec. Doc. No. 13-3, p. 3.

[16]Rec. Doc. No. 10-2, p. 2; Rec. Doc. No. 12-2, pp. 2-3; Rec. Doc. No. 13-3, p. 3.

[17]Rec. Doc. No. 13-3, p. 3.

[18]Rec. Doc. No. 15.

[19]Rec. Doc. No. 15.

Constitution.[20]

## *LAW AND ANALYSIS*

### I. Standard of Law

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). Such a motion may be decided by the court on one of three bases: (1) the complaint alone; (2) the complaint and the undisputed facts in the record; or (3) the complaint, the undisputed facts in the record, and the court's own resolution of disputed facts. *Ynclan v. Dep't of the Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). In a Rule 12(b)(1) motion, the burden of proving that jurisdiction does exist falls to the party asserting jurisdiction. *Ramming*, 281 F.3d at 161. The motion to dismiss should only be granted "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citation omitted). Where, as here, the defendant has attacked the court's subject matter jurisdiction, the plaintiff has the burden of "proving by a preponderance of the evidence that the trial court does" possess the requisite jurisdiction. *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

In analyzing plaintiffs' claims, this court applies the well-established rule that *pro se*

---

[20]Rec. Doc. No. 15, p. 2.

complaints, however inartfully drafted, are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. *See, e.g.*, *Hughes v. Rowe,* 449 U.S. 5, 9-10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980).

## II. Discussion

Defendants correctly assert that the district court cannot exercise federal question jurisdiction over plaintiffs' claims. Pursuant to 28 U.S.C. § 1331, district courts have jurisdiction only over cases "arising under the Constitution, laws, or treaties of the United States." It is long-established that a cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 1546, 95 L. Ed. 2d 55 (1987) (citation omitted). Accordingly, federal jurisdiction is not proper if the plaintiff pleads only a state law claim. *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). Since plaintiffs fail to allege a violation of the United States Constitution or federal law on the face of their complaint and plead only state law claims, the Court does not have federal question jurisdiction.[21]

Defendants also properly contend that the district court cannot assert diversity jurisdiction in this matter. For a district court to exercise jurisdiction pursuant to 28 U.S.C. § 1332, the parties must be citizens of different states, and the amount in controversy must exceed $75,000, exclusive of interest and costs. *See Heritage Bank v. Redcom Labs. Inc.*, 250 F.3d 319, 323 (5th Cir. 2001). A district court cannot exercise diversity jurisdiction if any one of the plaintiffs shares the same state citizenship as a defendant. *Corfield v. Dallas Glen Hills LP*, 355

---

[21]Although plaintiffs mention an Eighth Amendment claim in their opposition to defendants' motions, this assertion is insufficient to invoke federal question jurisdiction. *See In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007) ("Federal question jurisdiction must be determined from the face of a well-pleaded complaint.") (citation omitted). Furthermore, there is no legal basis for asserting an Eight Amendment violation in this case.

F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)). Both plaintiffs are citizens of the state of Louisiana, and all three defendants are citizens of the state of Louisiana.[22] Thus, the court does not have diversity jurisdiction over plaintiffs' claims.[23] While the Court is sympathetic to plaintiffs' allegations, it is clear that their claims, as stated, are not appropriate for federal court.

Accordingly,

**IT IS ORDERED** that defendants' motions to dismiss for lack of subject matter jurisdiction[24] are **GRANTED,** and plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, July __24th__, 2007.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[22] Rec. Doc. No. 12-2, pp. 1-2.

[23] Because the court finds that diversity of citizenship is lacking with respect to plaintiffs' claims, the court finds no need to determine whether venue in the Eastern District of Louisiana is improper.  There is also no need to discuss the jurisdictional amount requirement.

[24] Rec. Doc. No. 10; Rec. Doc. 12; Rec. Doc. No. 13.